Vivian L. PRUE

v.

Francis J. PRUE.

Supreme Judicial Court of Maine.

Argued Sept. 4, 1980.
Decided Oct. 3, 1980.

Daniel J. Murphy (orally), Lewiston, Marshall Stern, Bangor, for plaintiff.

Vafiades, Brountas & Kominsky, Susan R. Kominsky (orally), Marvin H. Glazier, Bangor, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

McKUSICK, Chief Justice.

On his appeal from a divorce judgment entered in Penobscot County, the husband asks us to reverse the Superior Court's award to the wife of the sum of $100,000, payable in lieu of alimony in ten annual installments, and the court's order that those installment payments be secured by a mortgage upon all of the husband's real estate holdings.[1] We deny the appeal.

---

1. The Superior Court's order, as amended, provides that the mortgage to be given by the husband to the wife shall be conditioned upon compliance with the decree ordering payments instead of alimony, but that the husband shall be free to convey some or all of the mortgaged real estate upon furnishing substitute security.

Of the two issues raised on the husband's appeal, the first involves the magnitude of the total payments ordered in lieu of alimony and the second involves the validity of the mortgage required as security for the future installments.

 As this court has recently stated, 19 M.R.S.A. § 721 (Supp.1980) [2] "grants the divorce court broad authority to select methods of providing for the maintenance of the payee spouse which are equitable on the facts of the particular case." *Torrey v. Torrey*, Me., 415 A.2d 1092, 1094 (1980). The Superior Court plainly acted within its express authority under section 721 to "order instead of alimony, a specific sum . . . to be payable in such manner and at such time as the court may direct." There remains, however, the question whether in the present circumstances the Superior Court abused its discretion by setting the total payment to the wife at $100,000. For such an abuse of discretion to exist, the magnitude of that "in lieu of alimony" award must be "plainly and unmistakably an injustice . . . 'so apparent as to be instantly visible without argument'." *Bryant v. Bryant*, Me., 411 A.2d 391, 395 (1980), *citing Capron v. Capron*, Me., 403 A.2d 1217, 1218 (1979). *See also Smith v. Smith*, Me., 1980, 419 A.2d 1035, 1038 (1980).

 On the facts of this case there is no injustice, apparent or otherwise, in the $100,000 award. The Superior Court found that the spouses had no marital property because of a 1963 agreement between them resolving an earlier divorce proceeding.[3] The court further found that the husband had brought to the marriage two parcels of real estate worth around $50,000 at the time of the 1979 divorce, and that during the course of the marriage after the signing of the 1963 agreement he had acquired an additional estate of some $200,000 in value. The husband is a registered professional engineer, 48 years old, in good health, and with an earning capacity of $18,000 per year. He is at present retired and has no intention to work further. By contrast, the wife has no assets. She is 55 years old and partially disabled, has completed only the sixth grade, and has no employable skills. During their marriage her husband refused to let her work outside the home. The Superior Court found that the wife, to support herself, would be limited to unskilled, part–time work, such as babysitting. On these facts, the Superior Court's alimony decision was well within the range of what was equitable for the maintenance of the divorced wife.

 The second issue presented to us is whether section 721 permits the divorce court to order the payor to give security for future payments in lieu of alimony and, if so, whether the particular security required here, namely, a mortgage on all the husband's real estate, constituted an abuse of discretion. A divorce court's powers are purely statutory, *see Carter v. Carter*, Me., 419 A.2d 1018, 1021 (1980), but an authorizing statute grants both powers that may reasonably be inferred from those expressly granted and also powers essential to give effect to those expressly granted, *see State v. Fin & Feather Club*, Me., 316 A.2d 351,

---

**2.** 19 M.R.S.A. § 721 (Supp.1980) provides in pertinent part:

The court may decree to either spouse reasonable alimony out of the estate of the other spouse, having regard to that spouse's ability to pay . . . . To effect the purposes of this section, the court may order so much of one spouse's real estate, or the rents or profits thereof, as is necessary to be assigned or set out [sic] the other spouse for life. The court may order instead of alimony, a specific sum to be paid or to be payable in such manner and at such time as the court may direct . . . .

**3.** The parties were married in Hampden on October 2, 1957. Between the time of the mar-

riage and the first divorce proceeding, they acquired no marital property. The agreement which terminated the 1963 divorce action provided, among other things, that all property, real or personal, coming into the marriage thereafter was to remain the property of the person who acquired it. Early in the procedural history of the present litigation, the Superior Court refused the wife's request to void the agreement. We dismissed as interlocutory her appeal from that determination. *Prue v. Prue*, Me., 395 A.2d 444 (1978). The wife has not appealed from the present Superior Court judgment.

355 (1974). While the question is one of first impression in this court, the majority of the other jurisdictions that have addressed it have held that, even absent express statutory authorization, a decree of alimony may be declared a lien on the payor spouse's separate estate. *See* Annot., 59 A.L.R.2d 656, 663–64 (1958); *Mea v. Mea*, 464 S.W.2d 201, 206 (Tex.Civ.App.1971). We conclude that section 721 by necessary implication vests the divorce court with all the power reasonably required to assure that its decrees will be carried out, including the ordering of a mortgage conveyance to secure the award. Clearly, the divorce court alternatively could have ordered the $100,000 to be paid in full at once; and it is reasonable to infer power in the divorce court to require the husband to give security if he is to be permitted instead to pay that sum over a nine–year period. The greater power to order immediate payment in full includes the lesser power to defer payments with security.

Rather than constituting an abuse of discretion, the Superior Court order represents a creative response to the problem of fashioning a mutually fair and workable divorce decree. Under section 721, the Superior Court in this case could have assigned all or a part of the husband's real estate to the wife for the duration of her life, or, as mentioned above, could have ordered payment at once of the full $100,000. Either option would have been more burdensome on the husband than the installment payments secured by a mortgage. Assignment to the wife of a life estate in any of the husband's property would in practical effect have prevented him from disposing of that property for a time period of uncertain duration and would have left the parties in a close relationship that would be conducive to further strife between them. Ordering immediate payment of the $100,000 would in all likelihood have resulted in a forced sale of a substantial part of the husband's real estate holdings. Instead, the husband is permitted to keep all of his property intact, subject only to a mortgage that he has it within his power to dissolve by making the required payments or by providing substitute security. The decree will also benefit the wife and the judicial system should the husband default on his obligations, since the remedy available through foreclosing the mortgage is much more certain than enforcement of the "in lieu of alimony" order through contempt proceedings. Requiring the husband to give a mortgage was in these circumstances entirely reasonable.

Also, we can find no fault with the Superior Court's placing the mortgage on all the real estate of the husband, worth in the aggregate some $250,000. The husband's obligation is to last nine years into the future, and in view of the husband's intention not to seek any earnings from his profession, the wife must for security rely upon the income from, and the asset value of, the husband's real estate. The Superior Court did not in any way abuse its discretion in imposing the mortgage requirement. The very certainty of the foreclosure remedy means that it is unlikely ever to be needed; in contrast, contempt proceedings are time–consuming and may be ineffective if the payor spouse has disposed of his assets and does not pursue gainful employment.

Finally, the wife requests us to order the husband to pay her counsel fees on appeal. Motions for attorneys fees on appeal in divorce cases properly lie in the Superior Court on remand. *Bryant v. Bryant, supra,* at 396. In accordance with what this court long ago decided was the appropriate procedure, *Strater v. Strater,* 159 Me. 508, 520–22, 196 A.2d 94, 100–01 (1963), we remand the case to the Superior Court for the sole purpose of awarding the wife reasonable counsel fees on appeal.

The entry is:

Appeal denied.

Judgment affirmed.

Case remanded to the Superior Court for the purpose of entertaining a motion for counsel fees for services and disbursements rendered on appeal in behalf of appellee–wife.

All concurring.