Lloyd A. DELANO

v.

Carol E. DELANO.

Supreme Judicial Court of Maine.

Argued Sept. 5, 1985.

Decided Dec. 9, 1985.

Richard W. Elliott (orally), Boothbay Harbor, for plaintiff.

Clark & Jones, Dennis L. Jones (orally), Gardiner, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ.

VIOLETTE, Justice.

Carol Delano appeals from a judgment of divorce for the cause of irreconcilable marital differences rendered in the District Court, Wiscasset. On appeal she argues that 1) the District Court erred in its findings with regard to the extent and value of marital property, 2) the District Court improperly considered economic misconduct when it divided marital property 3) the District Court erred by awarding her only nominal alimony. Carol's appeal on those grounds to the Superior Court, Lincoln County, proved of no avail. On her further

appeal to this Court, we vacate the judgment of the District Court[1] on the division of marital property and alimony and affirm the remainder of the judgment.

## FACTS

The parties were married on August 16, 1959 in Winthrop. Three children were born of the marriage; all were of the age of majority when the action was commenced. After several years of marital deterioration, Carol left the marital homestead in June of 1983 to live in Gardiner with another man with whom she shared expenses.

On June 15, 1983 Lloyd sued Carol for divorce on the grounds of cruel and abusive treatment and adultery. Carol subsequently filed a divorce action against Lloyd grounded on the claim of irreconcilable differences. The complaints were consolidated for convenience of the parties. On April 24, 1984 a divorce for the cause of irreconcilable marital differences was granted by the District Court.[2]

In its disposition of property, the court set aside certain non-marital property to each spouse. Lloyd received a gun collection, and Carol was the recipient of various pieces of jewelry. The court found all other property to be marital and distributed it as follows. Lloyd was awarded the marital home (a 1963 Liberty mobile home), its contents, the real estate on which it stood, as well as, items of personal adornment, a 1984 GMC pick-up truck, another gun collection, items of personal property and any bank accounts, pension rights or insurance policies in his name. The court valued the property given to Lloyd at $16,000.

Carol received a 1977 Chevrolet automobile,[3] items of personal property and any

---

1. We examine the proceedings in District Court as though on initial appellate review, giving no weight to the determination made by the Superior Court on intermediate review by that court. *See Williams v. Williams,* 444 A.2d 977, 978 (Me.1982).

2. At the hearing on the divorce on February 14, 1984 in the District Court, Lloyd orally amended

his complaint to include a claim of irreconcilable differences.

3. The court erroneously listed the car given to Carol as a 1979 Datsun. At the time of the divorce Carol was in possession of a 1977 Chevrolet that she obtained by trade-in on the 1979 Datsun.

bank accounts in her name. The estimated value of this property was $1,000. In addition to this award of property, Carol also received a monetary settlement of $3,600 to be paid by Lloyd in monthly installments of $100. Inasmuch as only nominal alimony in the amount of $1 per year was awarded to Carol, the total value of property she received in the disposition was $4,600.

### I. Valuation of Marital Property

On appeal, Carol argues that the trial court erred by improperly designating and valuing marital property. She claims that her property distribution was overvalued at $1,000 and that Lloyd's was significantly undervalued at $16,000. We disagree. At the outset, we note that findings regarding the value of marital property will be sustained unless clearly erroneous. *Shirley v. Shirley*, 482 A.2d 845, 849 (Me.1984). We have reviewed Carol's arguments on this point and find no merit in her challenge to the results reached by the trial court on the issue of marital property valuation. The record contains competent evidence to support the District Court's valuation.

### II. Division of Marital Property

When the District Court divided the marital property, the result was that Lloyd's total award exceeded Carol's by $11,400. Despite the discrepancy, the trial judge concluded that his decision reflected an equitable division of marital property under 19 M.R.S.A. § 722–A (1981)[4] in light of his finding that "some part of these funds [the marital bank account] was used by defendant [Carol] to provide benefits to a third party not a member of the family." That factual determination was critical to the court's division of marital property and

may also have affected its decision to award only nominal alimony to Carol.

At the outset, we reiterate our holding in *Boyd v. Boyd*, 421 A.2d 1356, 1357–58 (Me.1980) that marital fault leading to the breakdown of the marriage (adultery, cruel and abusive treatment, nonsupport, etc.) may not be considered by the court in dividing property under § 722–A. *Boyd*, however, left open the question of whether a court, in making a division of property under § 722–A, has discretion to consider marital misconduct of a financial nature that depletes the marital estate. Today, we need not decide this issue because we fail to see any basis in the evidence for the trial court's finding that such financial misconduct occurred in this case.

Although there was testimony at trial that 1) a joint bank account was drawn down by approximately $19,000 between 1978 and 1983 and 2) that Carol had exercised total control over the account during this period, there is no competent testimony linking withdrawals to diversion of the funds by Carol to a third party. In his testimony, Lloyd failed to link any of the expenditures from the marital bank account to Carol and the alleged third party. In fact, he was able to pinpoint the source of $8,500 worth of expenditures that did not implicate the third party in question and testified that he had no knowledge of how the remainder of the funds was expended.

The record is completely devoid of any evidence as to the specific amount or circumstances of any alleged transfer by Carol to a third party. The identity of the alleged third party is never addressed.

---

**4.** Title 19 M.R.S.A. § 722–A (1981) provides in part: Disposition of property

 1. Disposition. In a proceeding: (a) for a divorce, ... the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

 A. The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

 B. The value of the property set apart to each spouse; and

 C. The economic circumstances of each spouse at the time of the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

 ....

The trial justice himself noted the lack of evidence on the issue in his findings when he stated, "I am unable to find as a matter of fact that she [Carol] actually used any specific amount of these funds for the benefit of any third person or persons."

■ This case fits squarely within the language set out in *Nee v. Linwood Securities Co.,* 174 F.2d 434, 437 (8th Cir.1949) quoted with approval in *Harmon v. Emerson,* 425 A.2d 978, at 981–82 and *Dunning v. Dunning,* 495 A.2d 821, 824 (Me.1985) in that the record contains "[s]uch evidentiary weight" and it has led us to "such convictional certainty" that we do "not feel able to escape the view that the trial court has failed to make a sound survey to accord the proper effect to all of the cogent facts, giving due regard, of course, to the trial court's appraisal of witness credibility where that factor is involved." Inasmuch as we cannot see any basis in the evidence for the trial court's finding that Carol diverted a portion of the marital bank account to a third party, that critical finding was clearly erroneous and requires our setting aside the division of marital property.

### III. Alimony

■ We also find it necessary to vacate the alimony portion of the divorce judgment. We are unable to determine whether the court's award of only nominal alimony was unaffected by the clearly erroneous finding of Carol's economic misconduct. The fairness of the alimony provision should be reassessed in light of any change that may be made in the property division.. *Young v. Young,* 329 A.2d 386, 392 (Me. 1972).

On remand, the District Court shall determine the division of marital property and the alimony award on the record existing as of the date of the divorce judgment, April 24, 1985.

The entry is:

Judgment vacated as it relates to the division of marital property and to alimony; affirmed in all other respects.

Remanded to the Superior Court with directions to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.