## Mary TREATMAN

v.

## Scott TREATMAN.

Supreme Judicial Court of Maine.

Argued June 2, 1987.
Decided June 19, 1987.

Susan R. Kominsky (orally), Vafiades, Brountas & Kominsky, Bangor, for plaintiff.

William R. Stokes (orally), Lipman and Katz, P.A., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

### MEMORANDUM OF DECISION.

Both parties appeal from a divorce judgment issued by the Superior Court (Washington County). Neither party has succeeded in showing that the trial justice exceeded the broad scope of the discretion accorded him in formulating the provisions of that judgment. Neither the $150 per week alimony award to Mary Treatman nor the absence of a provision requiring Scott Treatman to maintain her on his health insurance policy are "plainly and unmistakably an injustice ... 'so apparent as to be instantly visible without argument.'" *Prue v. Prue*, 420 A.2d 257, 259 (Me.1980). If the omission of the health insurance provision resulted from mistake, inadvertance, or excusable neglect, plaintiff's remedy is by M.R.Civ.P. 60(b), not by appeal.

The entry is:

Judgment affirmed.

All concurring.

## Thomas L. MALECK et al.

v.

## CITY OF ELLSWORTH.

Supreme Judicial Court of Maine.

Argued May 7, 1987.
Decided June 19, 1987.

Thomas L. Maleck (orally), Linda S. Maleck, Ellsworth, pro se.

Barbara A. Cardone (orally), Rudman & Winchell, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

### MEMORANDUM OF DECISION.

Thomas and Linda Maleck appeal from a judgment in their favor and against the City of Ellsworth entered in Superior Court (Hancock County). The Malecks contend that they were entitled to a trial on the merits of their claim and to recover attorney fees. Because the judgment awarded them the full amount that they were entitled to recover and because they demonstrated no legal basis for recovery of attorney fees, we conclude that they were not aggrieved.

The entry is:

Judgment affirmed.

All concurring.