**Sarah KAYE**

v.

**Martin KAYE.**

Supreme Judicial Court of Maine.

Argued Jan. 14, 1988.
Decided March 8, 1988.

Angela M. Farrell (orally), Mitchell & Stearns, Bangor, for plaintiff.

Edward W. Gould (orally), Gross, Minsky, Mogul & Singal, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

ROBERTS, Justice.

Sarah Kaye appeals and Martin Kaye cross-appeals from a divorce judgment entered in Superior Court, Penobscot County. Mrs. Kaye challenges the court's failure to consider her husband's alleged dissipation of marital assets. Mr. Kaye challenges the court's handling of assets acquired after the parties' separation and its failure to make further findings on the question of alimony. We affirm the judgment.

After twenty-one years of marriage, Sarah and Martin Kaye agreed to separate in 1980. Sarah moved to Maine to the couple's summer cottage at Shin Pond. Martin, who frequently traveled on business throughout the Far East, established a residence in Hawaii. While married, the Kayes lived an upper middle-class life in Ohio and in Singapore. The couple sold their Ohio home after their separation and distributed their personal property between them.

At the time of their separation, Mr. Kaye's annual income exceeded $100,000, although it declined rapidly thereafter. After a time his circumstances improved to the extent that he was earning $75,000 at the time of the divorce. Moreover, all of the Kayes' children had reached the age of majority prior to the divorce trial.

On appeal, Mrs. Kaye contends that, in dividing marital property and fixing alimony, the court failed to consider conduct that she claims amounted to a dissipation of marital assets by her husband. Specifically, she complains that some of her share of the proceeds from the sale of the marital home and other marital funds were diverted to pay for the children's education. Mrs. Kaye testified that either she did not consent to such transfers or she was coerced into agreement. In addition, she asserts that her husband's failure to make mortgage payments resulted in the loss of the Shin Pond residence through foreclosure. A trial court ruling, she claims,

prevented a more complete exploration of the circumstances of the foreclosure.

 We have not had occasion to decide whether and to what extent a divorce court, in distributing marital property, may consider an improper diminution of marital assets. *Cf. Delano v. Delano,* 501 A.2d 1287, 1289 (Me.1985) (because husband did not establish that wife used marital funds to support third party, court need not address whether marital misconduct that has financial impact on marital assets may be considered when making property disposition); *Boyd v. Boyd,* 421 A.2d 1356, 1358 (Me.1980) (marital misconduct cannot be considered by trial court in fixing award of alimony or in dividing marital property; court need not address whether trial court may consider marital misconduct that has the effect of dissipating marital assets). On the record before us, we once again conclude that the question need not be decided for two reasons. First, despite some colloquy between court and counsel, we cannot say with any certainty that the court disregarded evidence as to the disposition of assets subsequent to the separation. On the contrary, the court's opinion recites some of those circumstances. Second, the record does not establish that any of Mr. Kaye's use of marital assets was improper. In the absence of agreement or court order to the contrary, either party is entitled to exercise independent judgment on the expenditure of joint funds. *See Delano,* 501 A.2d at 1289. Moreover, we decline to recognize as error the trial court's evidentiary ruling in the absence of a sufficient offer of proof.

We turn to Mr. Kaye's contention that the court impermissibly allocated as marital, property he acquired subsequent to the 1980 separation. He argues that by the express provisions of 19 M.R.S.A. § 722-A any property so acquired by the sole effort of one spouse becomes the individual property of that spouse. That interpretation, he says, is in accord with public policy and consistent with the "shared enterprise or partnership theory of marriage", citing *Tibbetts v. Tibbetts,* 406 A.2d 70, 76 (Me.1979). We disagree. The legislative definition of all property acquired after marriage and prior to "a decree of legal separation" as presumptively marital, constitutes a deliberate choice of a clear demarcation point evidenced by a formal decree. In the absence of a judicially sanctioned separation, the parties' agreement to a de facto separation does not prevent the marital presumption from attaching to subsequently acquired property.

Finally, we find no merit in Mr. Kaye's claim that the findings of the trial court on the issue of alimony were inadequate for appellate review.

The entry is:

Judgment affirmed.

All concurring.