**Phyllis T. ST. LAURENT**

v.

**Raymond A. ST. LAURENT.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 14, 1990.

Decided Dec. 7, 1990.

Roscoe H. Fales, Fales & Fales, Lewiston, for plaintiff.

Ronald P. Lebel, Rocheleau, Fournier & Lebel, Lewiston, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

Defendant Raymond St. Laurent appeals from an order of the Superior Court (Androscoggin County, *Delahanty, J.*) affirming a divorce judgment of the District Court (Lewiston, *Scales, A.R.J.*). Reviewing the District Court judgment directly, *see Williams v. Williams*, 444 A.2d 977, 978–79 (Me.1982), we agree with the Superior Court that it contains no error.

In its extensive and detailed judgment, entered in July and September 1989 following ten days of hearings over several months, the divorce court focused exclusively upon identifying the parties' nonmarital and marital properties and then upon making an equal division of the marital property. The parties had stipulated before trial that neither would seek alimony and that their marital property would be divided between them equally by value.

Residents of Lewiston, the couple were married in 1967 and, as the court stated:

> During their marriage they have both worked; and with industry, shrewd investment and careful management, they have amassed substantial assets in real estate and other investments.

The parties throughout their marriage mingled their business and personal income and expenses and continued to do so after they separated in August 1987. The court approached its task by first setting apart to the spouses their separate property, then determining the aggregate value of the marital assets, and finally allocating the marital property (much of which consists of real estate) in equal value between the parties. In making the final allocation of marital assets aggregating some $1.6 million, the court charged against each spouse's equal share the net amounts received by each out of the marital estate between the time they separated in August 1987 and the date of the judgment.

On his appeal the husband challenges a considerable number of the specific determinations made by the divorce court, but we find no merit in any of those challenges. The court's findings of value were amply supported by appraisal evidence, even though the husband presented some contradictory evidence. The court committed no abuse of discretion in awarding the more valuable Lisbon Street properties to the wife; the record well justified the court's rejection of the husband's assertion that the wife would be unable to manage that rental real estate. Contrary to the husband's contention, we find no indication that the court permitted marital fault on the husband's part to affect its exercise of discretion in allocating the marital assets, in contravention of our ruling in *Delano v. Delano*, 501 A.2d 1287, 1289 (Me.1985).

In regard to the $23,700 cash that both spouses testified was resting in a home safe at the time of the parties' separation, the court took the only action possible: It charged the husband with $9,000 of that cash which he acknowledged having removed from the safe and charged neither party with the balance in light of the ab-

sence of any evidence of what became of it. We find no abuse of discretion in the court's refusal to charge the wife with the past cost of providing board and room in the family home to the couple's adult son and his girl friend. That was a perfectly natural expenditure by this well-to-do and free-spending couple while they were married, and the court's failure to charge it against one of the spouses violates neither the rule that the divorce court may not order support for an adult child, *see Baril v. Baril*, 354 A.2d 392, 395–96 (Me.1976), nor the rule that the court may not distribute marital property to third parties, *see Eich v. Gellerson*, 441 A.2d 315, 317 (Me. 1982). The husband's remaining challenges to the divorce judgment do not merit discussion.

The entry is:

Judgment affirmed.

All concurring.