Jerome C. LIBBY

v.

Julie A. LIBBY.

Supreme Judicial Court of Maine.

Submitted on briefs Jan. 4, 1995.

Decided May 9, 1995.

Martin Schindler, South Portland, for plaintiff.

Julie A. Libby, Cumberland, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Jerome C. Libby appeals from an order of the Superior Court (Cumberland County, *Goranites, J.*) granting Julie A. Libby's motion for prospective attorney fees for her defense against Jerome's appeal of a divorce judgment entered in the District Court. Jerome contends that the Superior Court lacked authority to grant prospective attorney fees for an appeal from the District Court. We affirm the order.

In January 1993 the District Court (Portland, *Calkins, C.J.*) entered a judgment granting Jerome and Julie a divorce and, among other things, ordering Jerome to pay Julie $1,000 toward her attorney fees. Jerome filed a timely notice of appeal to the Superior Court.

Julie, acting pro se, then filed a motion in the District Court requesting prospective attorney fees so that she could retain an attorney to represent her on Jerome's appeal. Julie's motion was date stamped in the District Court but not docketed. It was forwarded to the Superior Court. The Superior Court (*Beaudoin, J.*) held a hearing and, without deciding the motion, ordered Julie to file another motion directed to the Superior Court. Julie, still pro se, complied. The Superior Court (*Goranites, J.*) awarded Julie prospective attorney fees in the amount of $1,500, later reducing this amount to $1,000. Jerome filed an appeal from this order arguing that the Superior Court, when acting as

an appellate court, lacks the judicial power to award prospective attorney fees for the defense of an appeal from the District Court.

Jerome's argument is premised on cases in which we have stated that, except pursuant to M.R.Civ.P. 76(f), the divorce court, and not the Law Court, awards attorney fees. *See Merrill v. Merrill,* 449 A.2d 1120, 1125 (Me.1982); *Boyd v. Boyd,* 421 A.2d 1356, 1359 (Me.1980); *Prue v. Prue,* 420 A.2d 257, 260 (Me.1980); *Bryant v. Bryant,* 411 A.2d 391, 396 (Me.1980). Our practice of remanding for the award of post-appeal fees is not based on a lack of appellate authority, but on the practical difficulty of our conducting an evidentiary hearing. No such difficulty is apparent on the record before us, which reveals that two hearings were held in the Superior Court.

Moreover, Julie did exactly as Jerome now argues she should have done—moved in the District Court for prospective attorney fees. There is no indication in the record that Jerome objected to the court's determination that she should file this motion in the Superior Court. We find no error in the Superior Court's award of prospective attorney fees and affirm the order.

The entry is:

Order affirmed.

All concurring.