1997 ME 68

**STATE of Maine**

v.

**Ronald COOKE.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 6, 1997.

Decided April 4, 1997.

M. Michaela Murphy, Daviau, Jabar & Batten, Pittsfield, for defendant.

The District Attorney declined to participate.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Ronald Cooke appeals from the order of the Superior Court (Somerset County, *Marsano, J.*) imposing a lien on his real estate to secure reimbursement to the State of Cooke's counsel fees. Cooke argues the court did not have authority to impose the lien. Finding no error, we affirm the order.

[¶ 2] In 1994 Cooke was convicted of terrorizing (Class D), and was sentenced to a suspended prison term of 364 days and one year's probation. In 1995 the State moved to revoke his probation; Cooke moved for an appointed counsel. The court found Cooke to be only partially indigent because although he had no liquid assets, he owned real estate in Starks worth $28,000. The court therefore appointed counsel with the following condition:

> A lien is ordered against [Cooke's] property in the amount of $750. An order shall be filed with the Somerset County Registry of Deeds. Defendant shall reimburse the State for counsel fees up to $750.

[¶ 3] Cooke moved to vacate the order imposing the lien. After a hearing the court issued an order denying his motion, but it amended its original order to provide that if Cooke's actual counsel fees proved less than $750, the amount of the lien could be reduced accordingly. This appeal followed.

[¶ 4] Cooke contends the court's imposition of the lien was improper because such an action is not specifically authorized by statute, the rules of criminal procedure, or case law. We disagree. In reference to the appointment of counsel by the court, M.R.Crim.P. 44(b) provides:

> If the court finds that the defendant has sufficient means with which to bear a portion of the expense of the defendant's defense, it shall appoint competent counsel to represent the defendant but may condition its order on the defendant's paying to the court a specified portion of the counsel fees and costs of defense.

In this case, the court justified the imposition of the lien on the ground that it was within the spirit of Rule 44(b). It also stated that liens were a common judicial technique for securing the payment of debts. We agree with the court's reasoning.

[¶ 5] In *Prue v. Prue,* 420 A.2d 257 (Me. 1980), we affirmed an order of the trial court that required a mortgage on the property of a husband to secure installment payments of alimony to his former wife. Although the court in that case did not have specific statutory authority to require the mortgage, it was empowered by statute to award reasonable alimony. We observed that "an authorizing statute grants both powers that may reasonably be inferred from those expressly granted and also powers essential to give effect to those expressly granted." *Id.* at 259. We concluded that the alimony statute "by necessary implication vests the divorce court with all the power reasonably required to assure that its [judgments] will be carried out, including the ordering of a mortgage [to secure payment of the alimony award]." *Id.* at 260.

[¶ 6] Although in this case we examine the authority conferred by a rule of criminal procedure rather than a statute, the principle we stated in *Prue* is nevertheless applicable. It is reasonable to infer that M.R.Crim.P. 44(b) implicitly permits the court to enforce an order of repayment of counsel fees through the use of a judicially imposed lien. *See also* M.R.Crim.P. 1(c) (when no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the state and federal constitutions, the rules of criminal procedure, or any applicable statute). In this case, the court found Cooke had the ability to pay a portion of his counsel fees, despite the fact that at the time he applied for representation he lacked liquid assets. The court's order permitted Cooke to be represented by counsel even if he made no payments to the court at that time. Cooke could then repay on a schedule that suited his economic situation, without being forced to liquidate his primary asset. He could dissolve the lien at any time by making the required payment. In relying on the lien procedure, the court exercised an inherent power of the judiciary, implicit in Rule 44(b), and fashioned a means of providing Cooke with an adequate defense while also ensuring reimbursement to the State.

The entry is:

Order affirmed.