BENJAMIN BACHELLER *vs.* CHARLES V. PINKHAM *et al.*

Franklin.   Decided June 6, 1878.

*Exceptions.   Master and servant.*

An exception to a whole charge, or the most of it, in gross, will not be sustained, unless all the legal propositions therein stated are erroneous.

In an action against the defendants for trespasses upon the plaintiff, while they were acting for the town, the one as an officer and the other as their servant, directing and assisting in the repairs of the stone work of a bridge, a public highway, one of the alleged trespasses was that one Smith, while hauling stone with plaintiff's team from plaintiff's pasture to the bridge, improperly took a short cut across plaintiff's clover patch, the town having hired of plaintiff his team and Smith and paid him therefor. *Held*, that Smith was the servant of the town, and that the defendants were not liable for his trespasses while performing the service, unless they directed or authorized them.

ON EXCEPTIONS AND MOTION of plaintiff, to set aside the verdict, which was for the defendants.

TRESPASS, for breaking and entering two closes of the plaintiff, in Chesterville, October 11, 1871, one a mill privilege on Stony brook, the other a clover patch near by, set out in two counts.

The defense was a justification of the acts done by the defendants, the one as a town officer, (selectman) the other as a servant of the town, in repairing a bridge, part of the public highway, legally located in 1802 ; and as to the second count, a permission to enter the plaintiff's pasture for the purpose of procuring stone to repair the bridge, and a denial that they, or any one by their authority or direction, trespassed upon the clover patch.

The reply was that the bridge was not built on the location, and a claim that the town were limited to a width by user, and that the defendants had widened it two feet, and, in so doing, had injured the plaintiff's dam and flume ; and that as to the second count, the defendants having given Smith the general direction to haul the stones from the plaintiff's pasture, as a matter of fact, they improperly gave him the special direction to haul them across the clover patch ; and even if they did not, yet, as matter of law, they were liable, because of the general order and direction.

The case had been before tried with a disagreement, and the evidence at the final trial was voluminous and conflicting. The bill of exceptions would cover five printed pages of this size, made up of extracts from the charge, under one general exception.

*P. H. Stubbs*, with whom was *E. F. Pillsbury*, for the plaintiff.

*S. Belcher*, with whom was *H. L. Whitcomb*, for the defendants.

LIBBEY, J. This case comes before us on exceptions and motion to set aside the verdict as against evidence.

The exceptions recite the most of the charge of the judge to the jury, to which exception is taken in gross. This court has held that exceptions taken in this manner cannot be sustained unless all the legal propositions contained in the charge, or the portion excepted to, are erroneous. *Macintosh* v. *Bartlett*, 67 Maine, 130. *Harriman* v. *Sanger*, 67 Id. 442.

It is not claimed that all the legal propositions contained in that part of the charge recited in the exceptions are erroneous. For this reason the exceptions must be overruled.

But on a careful examination of the portions of the charge to which our attention is called by the learned counsel for the plaintiff, we see no error. The rules of law upon the points raised were very fully, clearly and correctly given to the jury.

We think the evidence does not so preponderate against the verdict as to authorize the court to set it aside. Under the first count in the writ, for acts done by the defendants in entering upon the locus and rebuilding the bridge, the evidence is clearly sufficient to sustain the verdict, either upon the ground of a way by location, or by prescription.

Under the second count, as the case was presented to the jury, we do not feel so clear as to the correctness of the verdict; still, there was evidence on the part of the defendants which, if believed by the jury, was sufficient to authorize the verdict. The issue presented to the jury was whether Smith, the plaintiff's hired man, who drove his team to haul some stones for the founda-

tion of the abutment of the bridge, and in so doing did the alleged acts of trespass, was at the time the servant of the plaintiff or defendants. The defendants introduced evidence tending to prove that the plaintiff requested them to put in some wide, flat stones for the foundation of the abutment, in such a manner that they would project beyond the surface of the abutment so that he could rest his mill slip upon them, and offered, if they would do so, to furnish the stones and his man and team to haul them, and assist in laying them; and that they assented to his proposition. The evidence, if believed, was sufficient to authorize the jury to so find. Upon this issue, however, there was a conflict of evidence. The credibility of the witnesses, and the weight to be given to their evidence, were for the jury.

But there is another ground, not presented to the jury, upon which we think the verdict on this part of the case can be sustained. One of the defendants was acting in his official capacity as selectman, and the other as servant of the town. The plaintiff testified that he let his man and team to haul the stones to the town, and that the town paid him for the service. If so, Smith was the servant of the town in performing the labor, and not of the defendants; and they would not be liable for his trespasses while performing the service, unless they directed or authorized them. The evidence tends to prove that they did not direct or authorize the alleged acts of trespass, but that they were done in violation of their orders.

*Exceptions and motion overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.