535 P.2d 1137 (1975)
In re the MARRIAGE OF Janice Pearl MONCRIEF, Petitioner-Appellee, Cross-Appellant,
v.
Gerald Owen MONCRIEF, Respondent-Appellant, Cross-Appellee.
No. 74-300.
Colorado Court of Appeals, Div. I.
May 20, 1975.
*1138 Pferdesteller, Vondy, Horton & Worth, P. C., Fred W. Vondy, Denver, for petitioner-appellee, cross-appellant.
Beacom and Carroll, Daniel J. Murray, Westminster, for respondent-appellant, cross-appellee.
Selected for Official Publication.
PIERCE, Judge.
In a proceeding governed by the Uniform Dissolution of Marriage Act, § 14-10-101 et seq., C.R.S.1973 (C.R.S.1963, 46-1-1 et seq.), the marriage of appellant husband and appellee wife was dissolved and permanent orders were entered relative to property distribution, child custody, and child support. Husband appeals contending that the trial court erred in concluding that the family residence was "marital property" as defined by § 14-10-113, C.R.S.1973 (C.R.S.1963, 46-1-13), and in distributing a one-half interest in the residence to each of the parties. We affirm.
The evidence concerning the residence was wholly uncontradicted. Several months after the parties' marriage, husband purchased the residence, paying the entire purchase price with funds he had accumulated solely through his own efforts prior to the marriage. The parties took title to the property in joint tenancy, with the intent of avoiding inheritance taxes in the event of husband's death. The residence was used as the family home during the marriage.
Husband contends that the residence was not "marital property" and was not subject to distribution by the terms of § 14-10-113, C.R.S.1973 (C.R.S.1963, 46-1-13), which provides:
"(1) . . . [T]he court shall set apart to each spouse his property and shall divide the marital property. . ..
"(2) For purposes of this article only, `marital property' means all property acquired by either spouse subsequent to the marriage except:
. . . . . .
"(b) Property acquired in exchange for property acquired prior to the marriage. . .."
We must reject husband's contention. Even in proceedings governed by the Uniform Dissolution of Marriage Act, when one spouse causes title to be placed jointly with the other spouse a gift is presumed and the burden to show otherwise is upon the donor. In re Marriage of Altman, Colo.App., 530 P.2d 1012. The parties' explanation that the title was placed in joint tenancy so as to avoid inheritance taxes does not overcome the presumption that a gift occurred; it merely expresses a reason why the gift was made. Husband failed to carry his burden of proving that wife's interest in the residence was not a gift. Therefore, it was proper for the court to distribute the residence between the joint tenants.
In her briefs before this court, wife has raised several asserted errors committed by the trial court in its permanent orders. Her responses to husband's motion for new trial raised the issues that wife seeks to have this court consider. However, she sought reconsideration of the issues only in the event that the trial court granted husband's motion for new trial. Since this contingency did not occur, and we affirm, these issues are moot.
Judgment affirmed.
COYTE and BERMAN, JJ., concur.