**Linda S. DAIGLE**

v.

**Robert DAIGLE.**

Supreme Judicial Court of Maine.

Argued May 1, 1992.
Decided June 11, 1992.

Elliott L. Epstein (orally), Judith Andrucki, Isaacson & Raymond, Lewiston, for plaintiff.

Toby H. Hollander (orally), Robert A. Laskoff, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Defendant Robert Daigle appeals from a decision of the Superior Court (Androscoggin County, *Alexander, J.*) affirming the divorce order entered in District Court (Lewiston, *Beliveau, J.*). Defendant contends that the court abused its discretion in dividing the marital residence by imposing sole responsibility for the second mortgage on him while delaying the distribution of his share of the equity value for an extended period of time without providing for interest. Defendant also challenges the court's award of sole parental rights and responsibilities of the daughter to the mother and its deviation from the child support guidelines. We find no error or abuse of discretion in the property division, custody award, or support order, and we affirm the judgment.

The parties were married in 1970 and have three children, all minors at the time of the divorce. The court ordered shared parental rights and responsibilities with respect to the two boys, aged fourteen and seventeen, and ordered primary residence with the defendant, but awarded sole responsibility of the girl, aged eight, to the plaintiff. Neither party was ordered to pay child support. The principal marital property, the family residence, was awarded to plaintiff, with defendant to receive one-half of the equity computed as of the date of the divorce but payable when the youngest child reached the age of nineteen or left school, or when the home was sold, whichever first occurred. The residence is encumbered by two mortgages: the first, in the amount of approximately $30,000, to be assumed by plaintiff; the second, in the amount of $28,000, to be assumed by defendant. The court did not consider defendant's mortgage in computing the plaintiff's equity but considered her mortgage in computing his, resulting in plaintiff's award exceeding defendant's by $28,000. Under this award the defendant may not receive his share of the equity for as long as twelve years.

Defendant argues that both mortgages should have been considered in any division of the equity. He argues further that if the court ordered a delay in distribution, it was required to order the payment of interest on his share during the period of delay. Finally, he argues that the court erred in splitting the custody of the minor children and in deviating from the child support guidelines to reduce plaintiff's support payments from $45 to $0. We disagree.

 We will overturn a trial court's division of marital property only if that division "results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Anderson v. Anderson*, 591 A.2d 872, 874 (Me.1991) (quoting *Smith v. Smith*, 419 A.2d 1035, 1038 (Me.1980)). We acknowledged in *Most v. Most*, 477 A.2d 250 (Me.1984), that a court is free to favor one party over the other. In that case, we noted that the wife's limited earning capacity compared to the husband's was a proper consideration supporting the court's unequal division. Here, the court could consider the fact that plaintiff worked at three jobs to earn as much as defendant earned in the current year. Moreover, defendant's earnings in prior years had been significantly higher and his potential was greater than plaintiff's. Given the parties' respective financial circumstances, we are unable to find that the court's order results in a plain and unmistakable injustice.

 With regard to the court's custody order, defendant urges us to adopt a rebuttable presumption that siblings of divorce should not be separated. This we decline to do. In determining custody issues, the court is directed to consider a number of factors bearing on the best interest of the child. 19 M.R.S.A. § 752(5) (Supp.1991). Application of these factors is necessarily an individualized process—the best interest of an eight-year-old girl may not be the same as that of her fourteen-year-old brother. We are satisfied that the court considered the relationship between siblings as one of a number of factors affecting its determination. The court did not abuse its discretion in awarding sole responsibility of the daughter to plaintiff.

Finally, the record supports the court's deviation from the child support guidelines

to relieve plaintiff of her obligation to pay child support to defendant. Plaintiff's financial resources and needs combined with the physical and emotional needs of the child were properly considered by the court and justify its deviation. *See* 19 M.R.S.A. § 317(3)(E) & (G) (Supp.1991).

The entry is:

Judgment of the Superior Court affirmed.

All concurring.