## Ann Q. FOLEY

### v.

## James H. FOLEY.

Supreme Judicial Court of Maine.

Submitted on Briefs May 9, 1994.

Decided June 7, 1994.

Phillip Buckley, Bangor, for plaintiff.

Martha Harris, Paine, Lynch & Harris, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and DANA, JJ.

DANA, Justice.

James Foley appeals from a judgment entered in the Superior Court (Penobscot

County, *MacInnes, A.R.J.*) affirming a divorce judgment entered in the District Court (Newport, *Mills, J.*). Contrary to his contention, the divorce court did not err in its characterization of certain real estate as marital property, nor in its valuation and allocation thereof, and we affirm.

■ James Foley testified that his father, now deceased, gave him several parcels of real estate during his marriage. Relying on the real estate tax transfer forms signed by father and son which set forth that a valuable consideration had been paid for each parcel, the court concluded that each was marital property. The court relied on competent evidence to support its determination. *Lalime v. Lalime*, 629 A.2d 59, 60 (Me.1993); *Gray v. Gray*, 609 A.2d 694, 697 (Me.1992); *see* 19 M.R.S.A. § 722–A (1981 & Supp.1993).

■ The court did not clearly err in its valuation of the marital property, relying on a real estate appraiser and other witnesses. *Lalime*, 629 A.2d at 60; *Marquis v. Chartier*, 592 A.2d 169, 171 n. 3 (Me.1991) (valuation method should be equitable in light of the contributions of each spouse to the acquisition of marital property); *Shirley v. Shirley*, 482 A.2d 845, 849 (Me.1984) (any estimate that is within the range of expert opinion is valid provided that the trial court reached its own conclusion through an independent review of the evidence).

■ The division of marital property was within the court's discretion. *Gray*, 609 A.2d at 698. We will overturn a divorce court's division of marital property only if that division "results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Daigle v. Daigle*, 609 A.2d 1153, 1154 (Me.1992). James's argument is a generalized complaint which does not rise to that level. There is nothing in the record to support his contention that the court failed to make a just and equitable division. *Gray*, 609 A.2d at 698; *West v. West*, 550 A.2d 1132, 1133 (Me.1988); 19 M.R.S.A. § 722–A(1).

■ Nor did the court err in its determination of James's gross income. *Knowles v.*

*Knowles*, 588 A.2d 315, 317–18 (Me.1991). For calculation of child support, gross income may be determined by earning capacity rather than present income. *Rich v. Narofsky*, 624 A.2d 937, 939 (Me.1993); *see* 19 M.R.S.A. § 311(5)(D) (Supp.1993).

The entry is:

Judgment affirmed.

All concurring.