STATE OF MAINE
PENOBSCOT, SS.

FILED AND ENTERED
SUPERIOR COURT

JAN 2 5 2000

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. AP-98-67
FCM-PEN-1/25/2000

ROBIN KAPLER,
      Plaintiff/Appellee

    v.

GEORGE KAPLER,
      Defendant/Appellant

)
)
)
)
)
)
)
)
)
)

**ORDER ON APPEAL**

This matter is before the Court on Defendant's appeal of a District Court divorce judgment.

## FACTS

The District Court entered a divorce judgment for the parties on July 29, 1998. The Court awarded physical custody of the parties' minor children to Plaintiff and ordered Defendant to pay child support. Plaintiff resides in Newburgh, Maine, and Defendant resides in St. Augustine, Florida. Defendant has the right to visit the children with reasonable notice to Plaintiff but Defendant must absorb all transportation costs incurred by his visitation with the children.

Defendant appeals the judgment, arguing that the District Court committed the following: (1) an error in the computation of Defendant's income for the determination of child support; (2) failure to grant Defendant a deviation in his child support obligation for transportation expenses to visit the children; (3) error in the division of property; (4) that it was error to order Defendant to absorb the mortgage on the marital home; (5) error in the Court's refusal to allow Defendant to admit evidence concerning Plaintiff's refusal to move to Florida.

1

## DISCUSSION

The District Court has broad discretion in determining matters concerning divorce, including property division, alimony, custody and child support. See Shirley v. Shirley, 482 A.2d 845, 847 (Me. 1984). A trial court that has evaluated and weighed the evidence carefully is afforded great deference, and the divorce court's decision will not be overturned, as long as there is rational or credible evidence in the record to support the decision. See id. This Court reviews the findings of fact and conclusions of law of the trial court for clear error. See Knowles v. Knowles, 588 A.2d 315, 318 (Me. 1991).

Defendant challenges the District Court's computation of his income because the Court averaged Defendant's income for the years 1994 through 1996 and did not consider Defendant's reported income for 1997, which he alleged was significantly less than the previous three years. Defendant contends that his income for 1994 through 1996 was unusually high because he received high profit disbursements and repayment of loans to his corporations. The trial court, however, may consider a party's earning capacity rather than his present income in making a calculation of child support. Foley v. Foley, 642 A.2d 1346, 1347 (Me. 1994). The trial court did not abuse its discretion by disregarding Defendant's alleged reduced income for 1997 and relying solely on income of the immediately preceding years, especially as Defendant's income derives from a business that he alone controls. The District Court could clearly deduce from the evidence that Defendant has the same earning capacity as before 1997.

2

Defendant next contests the District Court's failure to grant a deviation in his child support obligations for his transportation expenses incurred by visiting his children. "A party in a court action proposing deviation from the application of the support guidelines shall provide the court with written proposed findings showing that the application of the presumptive amount would be inequitable or unjust." 19-A M.R.S.A. § 2007.2. Defendant did not propose a deviation for transportation expenses to the trial court, and, therefore, may not now raise the matter on appeal.

As to the District Court's property division, Defendant primarily disputes the court's award of a stock portfolio worth approximately $450,000 to Plaintiff. Judge MacMichael properly held that the income earned on stock after the parties were married, which resulted from Plaintiff's management of the stock, constitutes marital property. See Clum v. Graves, 1997 Me. 77; Harriman v. Harriman, 710 A.2d 923, 924-25 (Me. 1998).

Plaintiff owned the stock portfolio before the parties were married. The value of the stock at the time of the marriage was approximately $110,000, and this amount remains nonmarital property. Accordingly, the maximum amount of the stock that could be considered marital property is $340,000. Even assuming, as the District Court did, that this entire amount is marital property, the Court's property distribution is equitable for Defendant because he received a larger overall property distribution than Plaintiff received.[1]

---

1. The record suggests that perhaps some of the increase in value of the stock may have been non-marital property, but the record is unclear as to exactly how much. Because the record is not clear, this Court declines to address that issue. These findings must be upheld unless there is no competent evidence to support them. See Harmon v. Emerson, 425 A.2d 978. See also Martin v. Brown, 650 A.2d 937 (Me. 1994).

3

Moreover, Defendant insists that the Court erred in computing the value of his business, Hairstreak Development Corporation. Defendant maintains that the value of Hairstreak at the time of the divorce was actually only $5,962, instead of $683,000, as determined by the Court. Defendant's argument lacks merit. The trial court arrived at that higher amount by considering the value of 57 house lots owned by Hairstreak, less liabilities. To disregard the value of 57 house lots owned by a real estate development corporation would be inequitable and unjust. The District Court had sufficient evidence to determine that the value of those properties, less liabilities, was worth at least $683,000. The Court did not err in the valuation of Hairstreak. Therefore, Defendant received a greater portion of the marital property than Plaintiff, and, therefore, the distribution was equitable.

Defendant next argues that the District Court erred by ordering him to absorb the mortgage of the marital home, which the Court awarded to Plaintiff. In light of the fact that Defendant received a larger portion of the marital property than Plaintiff received, the Court's decision to require Defendant to pay the mortgage on the marital home was fair and equitable.

Defendant contends that the District Court erred by refusing to admit evidence of Plaintiff's refusal to move to Florida with Defendant. The trial judge is vested with the power to exclude evidence that is not relevant to the proceedings. See ME. R. EVID. 402. Defendant has failed to demonstrate that evidence of Plaintiff's refusal to move to Florida was relevant to the property distribution of the parties.

4

The District Court did not commit error in excluding such evidence.

The docket entry is:

Appeal DENIED. The judgment of the District Court is AFFIRMED

Dated: January 23, 2000

_____
Hon. Francis Marsano
JUSTICE, SUPERIOR COURT

5

Action ___CIVIL-DISTRICT COURT APPEAL (DIVORCE)___

  Assigned to Justice Francis C. Marsano

MAR 8 2009

ROBIN KAPLER,        VS.        GEORGE KAPLER,

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Pelletier & Faircloth<br>43 Columbia Street<br>Bangor, Maine 04401<br>By: Dawn Pelletier, Esq. | Peter Anderson, Esq.<br>202 Exchange Street, Suite 200<br>Bangor, Maine 04401 |

| Date of Entry | |
|---|---|
| 12/31/98 | Appeal from District Court, District Three, Division of Western Penobscot, Newport, Maine. NEW-96-DV-49 The following papers were received and filed: |

1. Complaint
2. Summons & Injunction
3. Acknowledgement of Service
4. Child Custody Affidavit
5. Statement Concerning Public Assistance
6. Answer & Counterclaim
7. Statement Concerning Public Assistance
8. Affidavit
9. Answer to Counterclaim
10. Notification of Discovery
11. Notification of Discovery
12. Notification of Discovery
13. Plaintiff's Financial Statement(in manilla envelope)
14. Child Support Affidavit(in manilla envelope)
15. Notification of Discovery
16. Defendant's Financial Statement(in manilla envelope)
17. Defendant's Child Support Affidavit
18. Plaintiff's Motion for Temporary Relief
19. Request for Mediation
20. Notice of Mediation
21. Mediation Report
22. Notice of Hearing
23. Motion to Continue
24. Notification of Discovery
25. Motion to Compel
26. Notification of Discovery
27. Order on Motion (Hjelm, J.) (Certificate attached)
28. Notice of Pretrial Conference
29. Motion to Continue