STATE OF MAINE
CUMBERLAND, ss.

STATE OF SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-043

2005 FEB -1 P 1: 04

Michael Malual,
          Appellant

v.                                                    ORDER

Abdinasib Abdi,
          Respondent

FEB 7 2005

This case comes before the court on Defendant Abdinasib Abdi's appeal of a June 24, 2004 judgment in a small claims action (POR-SC-04-282), pursuant to Rule 11 of the Maine Rules of Small Claims Procedure.

## FACTS

On March 30, 2004, Defendant Abdinasib Abdi (Abdi) sold Michael Malual (Plaintiff) a 1990 Toyota Camry for $850. Plaintiff test-drove the car before paying for it. After Mr. Abdi had collected the money in full from Plaintiff's wife, Plaintiff took the car to a mechanic, who told him the car was defective. Shortly after the sale, Plaintiff asked Mr. Abdi to return his money. Mr. Abdi told Plaintiff he would not refund the money, which had been spent.

On June 24, 2004, Plaintiff brought the matter before the Small Claims Court, seeking his $850, plus costs. The District Court (J. Horton) awarded the Plaintiff $300, plus $60 in costs. To date, Mr. Abdi has not paid the Plaintiff any part of this award, and brings this appeal pursuant to Maine Rule of Small Claims Procedure 11. Mr. Abdi argues that the car was sold with no representations made as to its quality. Mr. Abdi argues that Plaintiff entered the deal freely and had ample time to determine the quality of the car before

agreeing to buy it. Mr. Abdi also argues he has no ability to repay the Plaintiff. Mr. Abdi failed to appear at the hearing to pursue his appeal.

## DISCUSSION

Where a jury trial de novo is not requested, a defendant may appeal from a judgment of the District Court in a small claims action only on questions of law. M.R.S.C.P. 11(d)(1), (2). The District Court's findings of fact are entitled to a deferential standard of review and will not be overturned unless clearly erroneous. *Morin Bldg. Prod. Co. v. Atlantic Design*, 615 A.2d 239 (Me. 1992). These findings must be upheld unless there is no competent evidence to support them. *See Harmon v. Emerson*, 425 A.2d 978. See also *Martin v. Brown*, 650 A.2d 937 (Me. 1994). The record on appeal will consist of "[t]he original papers and exhibits filed in District Court and a copy of the docket entries prepared by the clerk of the District Court, together with any transcript made [based on electronic recordings] . . . " M.R. Civ. P. 76F(a).

Here, there is no transcript, but the record contains exhibits from the small claims hearing, the pleadings and responsive statements in the form of letters from both parties. The exhibits include documents showing Mr. Abdi bought the Camry March 3, 2004, at a car auction under express "as is-no warranty" terms, and with notice that the car would not pass a New Hampshire inspection. Mr. Abdi was also issued a "notice of sale of unsafe motor vehicle," that stipulated the car had "unknown defects." About three weeks later, on March 30, 2004, he sold the same vehicle to Plaintiff.

The sale of a motor vehicle is a "sale of goods" governed by the provisions of Maine's Uniform Commercial Code. 11 M.R.S.A. § 101 et seq. Under the Code, representations or descriptions made by the seller to the buyer about the

item for sale that become part of the basis of the bargain, can create an express warranty that the item will conform to that representation or description. 11M.R.S.A. § 2-313 (2004). Furthermore, under Maine law, a seller has an obligation to act in good faith during a transaction. 11 M.R.S.A. § 1-203 (2004). A failure to act in good faith "makes unavailable, under the particular circumstances, a remedial right or power." *Id.* at cmt. The Code defines "good faith" as "honesty in fact . . . in the transaction concerned." 11 M.R.S.A. § 1-201(19). "Good faith is a question of fact and the trial court's determination will not be reversed unless clearly erroneous." *Woods v. Bath Indus. Sales*, 549 A.2d 1129, 1132 (Me. 1988).

Here, on the record on appeal, it is not clearly erroneous for the District Court to find Mr. Abdi did not transact with the Plaintiff in good faith when he sold him a car Mr. Abdi knew to be defective, and refused to refund the Plaintiff's money when those defects emerged shortly after the date of sale. Nor is it an error of law to find that, in the absence of good faith, Mr. Abdi does not retain the full benefit of his bargain.

This Court **AFFIRMS** the judgment of the District Court in Plaintiff Michael Malual's small claims action. The clerk is directed to make copies of all title documents concerning the car and return the originals to Plaintiff Michael Malual.

Date ____February 1, 2005____

Roland A. Cole
Justice, Superior Court

Date Filed August 16, 2004   CUMBERLAND
County

Docket No. AP-04-43

Action   Appeal from Lower Court

MICHAEL MALUAL

ABDINASIB ABDI

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| (PRO SE) | (PRO SE) |
| Michael Malual | Abdinasib Abdi |
| 39 Monroe Court | 82 Maple St., #2D |
| Portland, ME 04101 | Lewiston, ME 04240 |

| Date of Entry | |
|---|---|
| **2004** Aug. 19 | Received 8-12-04. Defendant's Notice of Appeal to Superior Court filed. All paperwork received from 9th District Court, Division of Southern Cumberland County (District Court docket no. POR-SC-04-282) |
| " " | |
| Aug. 31 | On 8-31-04. Briefing schedule mailed. Appellant's brief due 9-21-04. |
| Sept 14 | Received 9-14-04: Appellants Brief filed. |
| Oct. 18 | Received 10-18-04: Reply Brief Filed. |
| **2005** Jan. 31 | On 1-28-05. Hearing held on District Court Appeal. Court denies appeal orally. Court to prepare order. Cole, J. Presiding.  Tape # 2466 Index 2261-2356 |
| Feb. 1 | Received 2-1-05. Order filed. (Cole, J.) This court affirms the judgment of the District Court in Plaintiff, Michael Malual's, small claims action.  The clerk is directed to make copies of all title documents concerning the car and return the originals to Plaintiff, Michael Malual. 2-1-05 copy mailed to Michael Malual and Abdinasib Abdi |