Thomas WEST

v.

Rosalie WEST.

Supreme Judicial Court of Maine.

Argued Oct. 31, 1988.
Decided Dec. 7, 1988.

John P. Jabar (orally), Daviau, Jabar & Batten, Waterville, for plaintiff.

Thomas J. Nale (orally), Nale & Nale, Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

The plaintiff, Thomas West, appeals from an order of the Superior Court (Kennebec County, *Brody, C.J.*) affirming a divorce judgment of the District Court (Waterville, *Clark, A.R.J.*). Because we find the District Court committed clear error in determining what portions of the real estate were marital and non-marital, we vacate the judgment.

Plaintiff and defendant, Rosalie West, were married on October 3, 1984. They have one child, born in May of 1987. Several years prior to the marriage, plaintiff purchased about thirty acres of land on Nowell Road in Winslow in his own name.

He never deeded any ownership in the property to defendant. He later built a barn on the property and converted it into living quarters, where he resided. During 1982, he cut logs on his property and began building a log cabin in 1983. The construction continued into 1984. The evidence as to the extent the log cabin residence was completed at the time of the marriage was conflicting, but taking the evidence in the light most favorable to the defendant, it was seventy-five per cent finished at that time.[1]

In its divorce judgment, the District Court awarded shared parental rights and responsibilities for the minor child,[2] and directed that the child's primary residence be with the defendant. Plaintiff was ordered to pay $100 per week toward the support of the child, $50 per week to defendant in alimony, and $400 toward defendant's attorney fees. The court found the real estate, consisting of the land, the barn and the log cabin residence to have a value of $65,000.[3] The court further determined that $15,000 of that value represented plaintiff's non-marital interest in the real estate and that the marital interest represented $50,000 of the $65,000 value. The court ordered that the property be awarded to defendant, with defendant to pay to plaintiff $35,000 for plaintiff's marital and non-marital interest in the property. Plaintiff followed his unsuccessful appeal to the Superior Court with this appeal. He contends on appeal that the District Court erred in its characterization and treatment of plaintiff's non-marital real property, and that it abused its discretion in its alimony and attorney fee orders.

The determination of what property is marital and what is non-marital, and the

disposition of that property, is governed by statute. *See* 19 M.R.S.A. § 722–A (1981). Pursuant to section 722–A, we have recognized that a divorce court must:

(1) determine what of the parties' properties is marital and what is non-marital, including the contributions each may have made to the acquisition of the marital property, recognizing the contribution of a spouse as a homemaker;

(2) set apart to each that spouse's non-marital property; and

(3) divide the marital property between them in such proportion as the court deems just.

*Grishman v. Grishman*, 407 A.2d 9, 11 (Me.1979) (footnote omitted). *See also Zillert v. Zillert*, 395 A.2d 1152, 1155 (Me. 1978).

Section 722–A(2) defines marital property as "all property acquired by either spouse subsequent to the marriage, except ... [t]he increase in value of property acquired prior to the marriage." 19 M.R.S.A. § 722–A(2)(E). A divorce court's determination of what property is marital and what is non-marital is reviewed for clear error, and will not be disturbed if there is competent evidence in the record to support it. *See Harmon v. Emerson*, 425 A.2d 978, 981–82 (Me.1981); *Grishman*, 407 A.2d at 12.

Non-marital property must be set apart, and to the extent practicable, transferred to the spouse owning it without the court exercising any discretion. *Tibbetts v. Tibbetts*, 406 A.2d 70, 78 (Me.1979).[4]

Here, the plaintiff purchased the land, built the barn and constructed at least seventy-five per cent of the cabin prior to

---

1. Defendant testified that at the time of marriage, there were two back rooms not complete, that rugs were not down, doors not in and closets not done, and that the cabin was seventy-five to eighty per cent completed. Evidence submitted by plaintiff was that the cabin was up to ninety-five per cent completed. Defendant further testified that she helped plaintiff varnish portions of the cabin before the marriage, and after the marriage helped to insulate the cabin and purchased $1200 worth of hardwood flooring material for installation in the cabin.

2. The child had serious medical problems.

3. There was evidence that a *bona fide* offer of $65,000 was made for the real estate by a prospective buyer.

4. Disposition of marital property, however, is within the discretion of the court and reviewable only for abuse of that discretion. *Smith v. Smith*, 472 A.2d 943, 945 (Me.1984); *Crooker v. Crooker*, 432 A.2d 1293, 1297 (Me.1981).

the marriage. Despite this evidence, the trial court determined that only twenty-three per cent of the total value of the real estate was the plaintiff's non-marital property, and seventy-seven per cent, or $50,000 of the total $65,000 value of the real estate was marital. The evidence in the record does not support that determination, and we are compelled to conclude that it was clearly erroneous. The land, the barn and at least seventy-five per cent of the log cabin were acquired prior to the marriage. Absent a transmutation by deed from plaintiff to defendant, not present here, that portion of the real property remained non-marital property and was not converted to marital property by virtue of the marriage alone. *Skelton v. Skelton*, 490 A.2d 1204, 1206 (Me.1985); *Hall v. Hall*, 462 A.2d 1179, 1181 (Me.1983). Plaintiff's non-marital property included any increase in its value subsequent to the marriage except that portion of the increase attributable to marital effort. *Macdonald v. Macdonald*, 532 A.2d 1046, 1050 (Me.1987).

■ Because the court erred in determining the marital and non-marital property, the divorce judgment must be vacated and the case remanded to the District Court. On remand, the District Court should determine the total value of the real estate at the time of the marriage, the increase in value since the date of the marriage, and the extent that that increase is attributable to marital effort as opposed to the "inherent value of the property and economic factors affecting it." *Macdonald*, 532 A.2d at 1050.

■ We do not address the contentions of plaintiff dealing with alimony and attorney fees, since the District Court must reassess them along with its redetermination of marital and non-marital property. *See Grishman*, 407 A.2d at 12.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.