Russell W. CRAIGUE

v.

Allison E. CRAIGUE.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 5, 1992.

Decided Dec. 15, 1992.

Gary W. Libby, Portland, for plaintiff.

Paul Aranson, Scaccia, Lenkowski & Aranson, Scarborough, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

The plaintiff husband, Russell W. Craigue, appeals the divorce judgment entered in the Superior Court (Cumberland County, *Beaudoin, J.*), between him and his wife Allison E. Craigue. The husband contends that the Superior Court erred in finding that a workers' compensation lump sum settlement he received during the marriage was marital property. He also argues that he is entitled to possession of the marital residence on the basis of his significant non-marital ownership interest. Finding no error, we affirm.

The parties were married in 1984. The wife is the mother of two children, one born prior to the marriage by a different father and one born of the marriage. The husband received a lump sum workers' compensation settlement of $40,000 in 1988 for an employment-related injury. The settlement funds were not allocated to specific elements of damage, and allocation was not discussed with either the insurance adjuster or the Workers' Compensation Commissioner who approved the settlement. The husband testified to his belief that a percentage was for future incapacity and that a percentage was for incapacity prior to the divorce. The husband's former lawyer was not permitted to testify to his belief concerning how the award should be allocated between loss of earnings, medical expenses, and permanent impairment. Much of the $40,000 was invested in a Windham residence owned by the parties. The hus-

band owned the land and built a foundation prior to marrying his wife. A house was built and other improvements made to the land after the parties married.

The Superior Court found that the husband had not overcome the statutory presumption that the lump sum settlement was marital property. Accordingly, the court concluded that only 44 percent of the value of the Windham property was the husband's non-marital property. The court awarded possession of the marital residence to the wife, and she was given physical custody of their minor children. The court ordered the wife to execute an interest-bearing promissory note for the husband's equity interest or, upon the property's sale or disuse, the wife's remarriage, or the husband's child reaching majority, to pay the husband the value of his equity.

### I.

The husband contends that the Superior Court erred by finding that his workers' compensation lump sum settlement paid during his marriage was marital property. He maintains the court should have analyzed the settlement to determine the marital and non-marital portion.

 The court's disposition of property in a divorce is governed by 19 M.R.S.A. § 722–A (1981 & Supp.1991),[1] which creates a presumption that "all property acquired by either spouse subsequent to the marriage" is marital property. *Id.* § 722–A(3).

The party seeking to show that property received during the marriage is non-marital has the burden of overcoming the statutory presumption that the property is marital. *Terison v. Terison,* 600 A.2d 1123, 1124–25 (Me.1992) (interpreting 19 M.R.S.A. § 722–A(2)(A) (1981)). That presumption must be given full effect in the absence of evidence to support a finding otherwise. *Zillert v. Zillert,* 395 A.2d 1152, 1155 (Me.1978) (holding that a farm held in joint tenancy was marital property in absence of evidence otherwise); *Kaye v. Kaye,* 538 A.2d 288, 289 (Me.1988) (stating that "[t]he legislative definition of all property acquired after marriage and prior to a 'decree of legal separation' as presumptively marital, constitutes a deliberate choice of a clear demarcation point evidenced by a formal decree"). The showing required to overcome the presumption of marital property is one of fact, so the court's decision whether the burden was carried is reversed on appeal only if the evidence compels a different result. *Luce Co. v. Hoefler,* 464 A.2d 213, 215 (Me.1983).

 The Superior Court correctly found that the husband did not overcome the presumption. The approved settlement agreement did not allocate amounts as compensation for future earnings, for future medical expenses, or for permanent impairment.[2] The court did not clearly err in excluding the opinion of the husband's former attorney as to the allocation that

1. The statute governing disposition of property for a divorce reads, in part:

 2. For purposes of this section only, "marital property" means all property acquired by *either spouse subsequent to the marriage,* except:
 A. Property acquired by gift, bequest, devise or descent;
 B. Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;
 C. Property acquired by a spouse after a decree of legal separation;
 D. Property excluded by valid agreement of the parties;
 E. The increase in value of property acquired prior to the marriage.
 3. All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property regardless of whether title is

held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2.

2. The statute authorizing lump sum payments does not specifically require allocation to any particular element of damage. The statute reads, in part:

 Subject to the limitations of this section, an employer and employee may by agreement discharge any liability for compensation, in whole or in part, by the employer's payment of an amount to be approved by the commission. The employer, the employee or the employee's dependents may petition the commission for an order commuting all payments for future benefits to a lump sum.
 39 M.R.S.A. § 71–A (1989).

might have been ordered by the Workers' Compensation Commission had it been asked to do so. *See State v. Giovanini,* 567 A.2d 1345, 1346 (Me.1989).

## II.

 The husband contends that the Superior Court erred by not awarding him the Windham real estate because only he held a non-marital interest in the property. We review for abuse of discretion or other error of law. *Higgins v. Higgins,* 370 A.2d 670, 674·(Me.1977).

The husband relies on language in *Tibbetts v. Tibbetts,* 406 A.2d 70, 78 (Me.1979), "that with respect to the non-marital property, the divorce court has no discretion in its allocation; it must be transferred to the spouse owning it so far as this is practicable." Contrary to the husband's contention, we have not held that non-marital ownership in the residence controls the disposition of that residence. *See West v. West,* 550 A.2d 1132, 1134 (Me.1988) (remanding for redetermination of proportions of non-marital and marital ownership in real estate without instructions to award the specific real estate to the party with the non-marital interest). Rather, the court's obligation is to set aside "the non-marital portion of *the equity.*" *Dubord v. Dubord,* 579 A.2d 257, 259 (Me.1990) (emphasis added). In the present case, the Superior Court set apart the husband's non-marital interest in the residence by requiring the wife to pay the value of the equity.

The statute governing the disposition of property in a divorce, 19 M.R.S.A. § 722–A (1981 & Supp.1991), instructs the court to consider the children in allocating the family home. The statute first directs the court to "set apart to each spouse his property" and to "divide the marital property in such proportions as the court deems just after considering all relevant factors...." *Id.* § 722–A(1). Among the factors to consider in dividing the marital property is "the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children." *Id.* § 722–A(1)(C). Because the non-marital interest was set apart, the Superior Court did not abuse its discretion or

err in the present case by awarding the family home to a custodial spouse having a marital interest in the real estate.

The entry is:

Judgment affirmed.

All concurring.