**John T. McCRACKEN,**

v.

**Sandra A. McCRACKEN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 16, 1992.

Decided Dec. 21, 1992.

Weston Baker, Lewiston, for plaintiff.

Roscoe H. Fales, Fales & Fales, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Plaintiff John T. McCracken appeals from a decision of the Superior Court (Androscoggin County, *Alexander, J.*) affirming a divorce judgment entered in District Court (Lewiston, *Gorman, J.*). Because we find that the District Court committed clear error in determining that a portion of the real estate was defendant's nonmarital property, we vacate the judgment and remand for reconsideration of all economic provisions.

The parties were married in New Jersey in 1986 and moved to Maine one month later. They purchased a lot in Leeds from the wife's grandmother for $5,500 using the wife's nonmarital funds. The lot was conveyed to the parties as joint tenants. The parties then constructed their marital residence on the parcel with the husband functioning as general contractor and performing some construction work.

The District Court awarded the house and lot to the wife subject to a $25,000 mortgage. After setting aside the value of the lot and the wife's nonmarital contributions to the real estate, the court found that the marital equity in the house was $9,500 and awarded the husband $5,000 as his share. The husband unsuccessfully appealed to the Superior Court. On appeal to this Court, the husband argues that the District Court erred in finding that the lot was the wife's nonmarital property and allocating its value ($25,000) to her. The wife contends that the court determined that the lot was marital property and merely recognized the nonmarital source of funds for its purchase as a factor in dividing the marital property. *See* 19 M.R.S.A. § 722–A(1)(A) (1981) (the court "shall divide the marital property in such proportions as the court deems just after considering all relevant factors, including ... [t]he contribution of each spouse to the acquisition of the marital property").

Although the District Court did not expressly state whether the lot was marital or nonmarital property, we infer from the

findings of fact and the division of the property that the court determined that the lot was the wife's nonmarital property.[1] Before dividing the marital property, the court credited defendant with $20,500 in nonmarital funds invested in the real estate. The court determined the "marital property" as follows:

| | |
|---|---|
| Value of House and Lot | $80,000 |
| Land Value (purchased with non-marital funds) | ($25,000) |
| Mortgage | ($25,000) |
| Current Equity in House | $30,000 |
| Credit for wife's nonmarital cash spent on purchase of lot and construction | ($20,500) |
| Balance to be divided between the parties | $ 9,500 |

Because the court applied the wife's credit for nonmarital property to equity in only the house after setting aside the value of the lot to her, the court necessarily found the lot to be the wife's nonmarital property. The wife concedes as much in her brief when she states that the "[c]ourt has roughly divided the net marital interest in half." If the lot had been treated as marital property, the husband would have received an additional $15,250 in a "roughly equal" division.[2]

"A divorce court's determination of what property is marital and what is nonmarital is reviewed for clear error, and will not be disturbed if there is competent evidence in the record to support it." *West v. West,* 550 A.2d 1132, 1133 (Me.1988). The record in this case does not support the court's finding that the lot is the wife's nonmarital property.

There is a statutory presumption that all property acquired after marriage is marital property, but that presumption may be overridden by showing that the property was acquired in "exchange for property acquired prior to the marriage." 19 M.R.S.A. § 722–A(3), (2)(B). Although the wife acquired the lot in exchange for property acquired before the marriage, the lot is nevertheless marital property under the rationale adopted in *Carter v. Carter,* 419 A.2d 1018 (Me.1980). In *Carter,* we found that an interspousal transfer of real estate during marriage creating a joint tenancy gives rise to a presumption that a gift to the marital estate was intended. *Id.* at 1023. *See also Dubord v. Dubord,* 579 A.2d 257, 260 (Me.1990). That presumption can be overcome only by clear and convincing evidence of a contrary intent. *Id.*

In the instant case, the transfer of the lot from the wife's grandmother to her and her husband as joint tenants was an interspousal transfer triggering the *Carter* presumption of donative intent even though the title was not deeded directly to the husband by the wife. The wife paid for the lot completely from her nonmarital funds and caused title to be conveyed to her and her husband in joint tenancy. In this case, as in *Carter,* the joint deed could serve no purpose other than to record a gift. *Dubord v. Dubord,* 579 A.2d at 260. Because the wife did not produce clear and convincing evidence to overcome the presumption of a gift to the marital estate[3],

---

1. The court made the following findings:

 e. In dividing up the marital property, the Defendant must receive credit for the $5,500.00 which was given by her to her grandmother for the property in Leeds. She must also receive credit for $15,000.00, as this approximates the cash used by her, towards the work done on this property.... This $20,500.00 was all non-marital, and must be considered in dividing the value of the Leeds property.

 f. Although the parties purchased the property for $5,500.00, I find, based upon the evidence presented, that the actual value of the property at the time of purchase, was $25,000.00. As the property is currently worth $80,000.00, and an additional $25,000.00 is outstanding in mortgage payments, the current equity in the house is $30,000.00. After the Defendant is allowed credit for the $20,500.00 set forth above, the remainder is $9,500.00.

2. The husband would have received one-half of the value of the lot ($12,500) plus one-half of the purchase price of the lot erroneously credited to the wife as her nonmarital property ($2,750).

3. Clear and convincing evidence is that which "place[s] in the ultimate factfinder an abiding conviction that the truth of [the] factual contentions are 'highly probable.'" *Taylor v. Comm'r of Mental Health,* 481 A.2d 139, 153 (1984)

the District Court erred in finding that the lot was her nonmarital property.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the District Court for further proceedings consistent with this opinion.

All concurring.

316, 104 S.Ct. 2433, 2437, 81 L.Ed.2d 247 (1984)).

(quoting *Colorado v. New Mexico,* 467 U.S. 310,