**Margit Lassen NORDBERG**

v.

**Leif H. NORDBERG.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 27, 1995.

Decided May 8, 1995.

Christopher A. Johnson, McEachern & Thornhill, Kittery, for plaintiff.

Thomas G. VanHouten, Sanford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

GLASSMAN, Justice.

Leif H. Nordberg appeals from the judgment entered in the Superior Court (York County, *McKinley, A.R.J.*) affirming the judgment of the District Court (Springvale, *Crowley, J.*) granting a divorce to Margit Lassen Nordberg on her complaint against Leif. Leif contends the trial court erred in its determination as to the distribution of certain property of the parties. Finding no error in the record, we affirm the judgment.

The record reveals the following pertinent facts: The parties were married on January 1, 1985. There are no children of the marriage. A divorce judgment was entered on May 28, 1993. At the time of the marriage Margit owned a residence in New Jersey that she had purchased in 1975 for $40,750, which she transferred to herself and Leif as joint tenants. She also owned a Vanguard TIAA 403(b) account valued at $33,000. During the course of the marriage, no contributions were made to this account; however, Margit did instruct Vanguard to transfer these funds from its domestic to its international market account. In 1986, the parties purchased property in Alfred as joint tenants for $178,000. Margit made a down payment of $5,000 for such property. In October 1988 the sum of $83,000, representing proceeds from the sale of the New Jersey property, was paid toward the purchase price of the Alfred property. In 1989, Margit received $105,000 from her TIAA account with Vanguard as a lump sum distribution of which $57,357.11 was used to retire the mortgage on the Alfred property.

The trial court found, *inter alia*, that the property in New Jersey was marital property; that the $5,000 down payment made by Margit and the additional $57,357.11 payment on the Alfred property was from her separate property; further, that the fair market value of the Alfred property was $250,000, of which amount Margit's contribution of non-marital property represented 34% of the acquisition cost. The court ordered that the Alfred property be set aside to Margit and that of the 66% marital interest in the property she be awarded 55% and Leif be awarded 45%. Margit was given a period of six months to pay to Leif $75,000, repre-

senting his 30% of the fair market value of the property.[1] In the event that Margit was unable to purchase the property, it would immediately be listed for sale and sold on the open market with 70% of the net proceeds to be distributed to Margit and the remaining 30% to Leif. From the judgment entered accordingly, Leif appeals.

When, as here, the appeal is from a judgment entered in the Superior Court, acting as an appellate court, we review directly the record before the trial court. *Arey v. Arey*, 651 A.2d 351, 353 (Me.1994).

Leif first contends that the trial court erred in determining that the $57,357.11 used to retire the mortgage on the Alfred property was Margit's sole and separate property. He argues that pursuant to 19 M.R.S.A. § 722–A(2) (1981)[2] the increase in value of the Vanguard TIAA 403(b) account during the course of the marriage was marital property. We disagree.

The trial court's determination of what property is marital and what is non-marital is reviewed for clear error and will not be disturbed if there is competent evidence in the record to support it. *West v. West*, 550 A.2d 1132, 1133 (Me.1988).

Here, it is uncontroverted that all of Margit's contributions to the Vanguard account were made prior to the marriage of the parties and that the increase in the value of that account occurred because of currency fluctuations in the international investment market during the course of the marriage. Based on a single act by Margit of directing Vanguard to transfer the funds from one of its accounts to another, we cannot say the trial court erred by its determination that the funds at issue remained the separate property of Margit. *MacDonald v. MacDonald*, 532 A.2d 1046, 1050 (Me.1987).

Leif next contends that Margit's non-marital contribution does not entitle her to a percentage of the purchase price of the Alfred property as her separate property, but only to the dollar amount of that contribution. We disagree. When, as here, property has been acquired in the course of a marriage by the use of both marital and non-marital funds, we have previously stated that the increase in the value of the property may be apportioned between the separate and marital property on the pro tanto interest in the ratio that the payments on the purchase price made with marital funds bear to payments made with separate funds. *Dubord v. Dubord*, 579 A.2d 257, 259 (Me.1990).

We find no merit in Leif's final contention that the trial court did not consider the contributions of the parties, the value of property set aside to each spouse, and the economic circumstances of each spouse in dividing the marital property of the parties as required by 19 M.R.S.A. § 722–A(1) (1981).

The entry is:

Judgment affirmed.

All concurring.

---

1. The judgment provided that Margit could offset against the $75,000 payment her portion of Leif's 401K pension plan awarded to her by the court. Leif does not challenge the court's distribution of that plan.

2. 19 M.R.S.A. § 772–A provides in pertinent part:

2. Definition. For purpose of this section only "marital property" means all property acquired by either spouse subsequent to marriage, except:

....

E. The increase in value of property acquired prior to the marriage.