1997 ME 28

**Ann Palmer CURTIS**

v.

**Stephen W. WESTON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 13, 1996.
Decided Feb. 24, 1997.

Robert E. Sandy, Jr., Sherman & Sandy, Waterville, for plaintiff.

Karen M. Burke, Winthrop, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Ann Palmer Curtis appeals from the judgment entered in the Superior Court (Kennebec County, *Atwood, J.*) affirming the judgment entered in the District Court (Augusta, *Anderson, J.*) that granted a divorce to Curtis and her husband, Stephen W. Weston. Curtis argues the court erred by (1) finding the so-called pink house was marital property, (2) distributing the pink house to Weston, and (3) its determination of the value of the house. We affirm the judgment.

[¶ 2] We first dispose of issues one and three. The pink house was built during the marriage on land purchased by Curtis prior to the marriage. Weston is an experienced house restorer who dismantled a house and barn, moved them to the Curtis property, and restored them as authentic 1800 buildings. The record supports the court's finding that most of the purchase price for the land and all of the value of the building came from marital funds. The court properly set apart to Curtis the value of her nonmarital interest. Moreover, the court was not compelled to choose either of the appraisals of the property, but properly determined its value within the range of the evidence. *Nordberg v. Nordberg,* 658 A.2d 217, 219 (Me.1995).

[¶ 3] The only argument about the distribution of the marital property that merits discussion is Curtis's contention that the court was compelled to give the pink house to her because she held the title and owned a nonmarital interest in the property, albeit that interest represented less than six percent of the value. We have previously decided that marital property may be awarded to one spouse despite the record title in the other spouse. Our opinions, however, are not entirely clear. In *West v. West,* 550 A.2d 1132 (Me.1988), we vacated the judgment because the court undervalued the husband's nonmarital interest in the family home. We left intact the award of the property to the wife, either because the award was not challenged or because we found no error in awarding the property to the spouse without record title. In *Craigue v. Craigue,* 617 A.2d 1027 (Me.1992), we rejected the husband's contention that his ownership of the only nonmarital interest in the marital home entitled him to its possession. We affirmed the court's award of "possession" of the marital home without expressly stating that the award included title to the property. We now make clear that the existence of record title in one spouse who has the only nonmarital interest in the property does not preclude the award of title to the other spouse. The record title and the extent of a nonmarital interest are only factors to be considered by the court in the disposition of property with mixed marital and nonmarital components. We conclude that the court acted within its discretion in awarding title to the pink house to Weston. *Williams v. Williams,* 645 A.2d 1118, 1123 (Me.1994).

The entry is:

Judgment affirmed.