1998 ME 25

**F. Lincoln AVERY**

v.

**Rachel AVERY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 8, 1998.

Decided Jan. 29, 1998.

Graydon G. Stevens, Kelley, Remmel & Zimmerman, Portland, for plaintiff.

Gene R. Libby, Michael J. Donlan, Kennebunk, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, and SAUFLEY, JJ.

1. 4 M.R.S.A. § 157-C (1989).

2. Title 19 M.R.S.A. § 722–A (1981) was repealed and replaced by 19–A M.R.S.A. § 953 (1998).

CLIFFORD, Justice.

[¶ 1] F. Lincoln Avery appeals from a divorce judgment entered in the Superior Court (Cumberland County, *Foster, J.*, sitting by designation[1]). Lincoln contends *inter alia* that the court erred by concluding that the equity in the parties' jointly owned real property was Rachel Avery's nonmarital property. Because we agree that *Long v. Long*, 1997 ME 171, 697 A.2d 1317 applies to the instant divorce proceeding, we vacate the judgment.

[¶ 2] The parties were married in 1981. In 1985, they purchased a home in Rochester, New York. The down payment consisted of marital funds and Rachel's nonmarital funds. In 1987, they sold the Rochester property, and purchased a home in Falmouth. Again, the down payment consisted of both marital and nonmarital funds. The parties purchased, as joint tenants, a home in Cumberland Foreside in 1993. The down payment on the Cumberland Foreside property consisted, in part, of the proceeds from the sale of the Falmouth home and Rachel's nonmarital funds.

[¶ 3] In April 1997, the court granted the parties a divorce on the grounds of irreconcilable marital differences. By agreement of the parties, the court ordered Lincoln to convey his interest in the marital residence to Rachel in exchange for her assumption of the mortgage note. The parties also agreed that the marital residence, valued at $450,-000, was subject to a first mortgage note in the amount of $253,422 and a home equity loan in the amount of $99,582. Employing a source of funds rule, *see Tibbetts v. Tibbetts*, 406 A.2d 70 (Me.1979), the court concluded that "virtually all" of the equity in the marital home was Rachel's nonmarital property, and set aside the equity to her in that category. This appeal followed.

[¶ 4] Whether property is marital or nonmarital is governed by statute. *See* 19 M.R.S.A. § 722–A (1981).[2] The court's de-

*See* P.L.1995 ch. 694, § B–1, –2 (effective Oct. 1, 1997). Section 953 is substantially similar to the former section 722–A.

termination of property as marital or nonmarital is reviewed for clear error. *Dubord v. Dubord,* 1997 ME 7, ¶ 5, 687 A.2d 647, 648. We recently held that "jointly owned real property is subject to division as marital property pursuant to 19 M.R.S.A. § 722–A (1981), even though parts of it were acquired with nonmarital funds." *Long v. Long,* 1997 ME 171, ¶ 1, 697 A.2d at 1319. *Long* overruled a line of cases treating jointly owned real property, acquired with marital and nonmarital funds, as separate property and using a source of funds rule to determine each spouse's *pro tanto* interest in the property. *Long,* 1997 ME 171, ¶ 16, 697 A.2d at 1324.

[¶ 5] In general, a judicial holding applies to any case not terminated in a final manner. *See Clark v. Rust Eng'g Co.,* 595 A.2d 416, 418 (Me.1991); *MacDonald v. MacDonald,* 412 A.2d 71, 75 (Me.1980). Although we have occasionally limited the retrospective application of a decision that marked a change in the law, *see, e.g., Myrick v. James,* 444 A.2d 987 (Me.1982); *Black v. Solmitz,* 409 A.2d 634 (Me.1979), we did not depart from the general rule in *Long.* Accordingly, the Cumberland Foreside residence is subject to division as marital property, even though it was acquired in part with Rachel's nonmarital funds. *See Long,* 1997 ME 171, ¶ 1, 697 A.2d at 1319.

[¶ 6] Because the court set aside the equity in the Cumberland Foreside residence as Rachel's nonmarital property and did not exercise its equitable power of division with respect to that property, *see West v. West,* 550 A.2d 1132, 1133 (Me.1988), the division of marital property must be redetermined. On remand, the court should reconsider all economic issues in view of its division of the real property as marital property.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.