STATE OF MAINE

ANDROSCOGGIN, SS.

RECEIVED & FILED

MAR 3 1 2000

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-98-26

DONALD L. GARBRECHT
LAW LIBRARY

APR 4 2000

EDA P. TRIPP,

        Plaintiff/Appellee

  v.

DWIGHT TRIPP,

        Defendant/Appellant

DECISION AND ORDER
ON APPEAL

TED - AND - 3/31/2000

This matter comes before the court on a second appeal by defendant Dwight Tripp. A divorce judgment was entered after a trial held in the District Court (Lewiston, *Beliveau, J.*). Mr. Tripp filed a timely appeal to this court. A decision on appeal (*Studstrup, J.*) was subsequently issued which held, in relevant part, ". . . that the divorce court committed a clear error of law by failing to set apart to Mr. Tripp his non-marital property *before* making an equitable distribution of the marital property." (Emphasis in original). The initial appeal before this court resulted in the judgment being vacated and remanded the case to the District Court for further proceedings consistent with the appellate decision.

On remand, the District Court ordered the parties to submit supplemental briefs proposing an alternative property distribution to that made in the initial divorce judgment. Thereafter, the District Court (*Beliveau, J.*) issued an amendment to the divorce judgment that ordered the same division of property set

out in the initial divorce judgment. Mr. Tripp appeals this amendment to the divorce judgment.

For the purposes of this appeal certain facts are not in dispute. The parties married August 7, 1971. At that time, Mr. Tripp was an active dairy farmer who owned 268 acres of land which the parties have identified as lots 2, 9, 18, 20, 21, 21A, 22, and 27. In 1971 the value of these lots was approximately $100,000.[1] Throughout the marriage these lots have remained titled to Mr. Tripp exclusively. When the parties married, Mr. Tripp's land was encumbered as security for a loan with a balance of about $5,540, the proceeds of which had been used to buy farm equipment then in use on the farm.

Throughout the marriage both parties worked hard on the farm and lived frugally. Using Mr. Tripp's original land holdings as security, the parties borrowed money and acquired an additional 248 acres in lots the parties identify as lots 1A, 4, 8 (containing the marital home), 27A, 31, 33, and 33B, as well as a camp on Bear Pond in Hartford, Maine, the disposition of which is not at issue in this appeal. There is no dispute that these new properties are all marital.

The District Court found, and for the purposes of this appeal it is established, that Mr. Tripp's non-marital lands are now worth about $540,700 and the marital lands are worth about $328,800. Thus, the non-marital lands have increased in value by about 540% in approximately 30 years. There is no dispute among the parties that there is no market for the Tripps' land as farmland and that its highest

---

1. Mrs. Tripp argues otherwise in this appeal, but to no avail since she never appealed the District Court's determination of this point.

and best use, as well as its apparent destiny, is for residential development. Mr. Tripp testified as to the value of the property and presented testimony of a qualified land appraiser with particular expertise in the valuation of active and inactive farmlands. Both testified, in essence, that the increase in the value of Mr. Tripp's non-marital lands resulted from market forces and not from marital efforts expended in making farmstead improvements. Mrs. Tripp testified in detail about the farmstead improvements the parties made to all the land whether marital or non-marital. She testified to her belief that the increase in value of the non-marital land should be attributed to that marital effort.

Based upon the testimony presented, the District Court concluded that Mr. Tripp failed to meet his burden of proving that the increase in value of the non-marital lands did not result from the application of marital effort. The District Court concluded it should treat the entire 540% increase in the value of the non-marital lands as marital property subject to division. Finally, the District Court made a division of all the Tripps' land that, among other things, awarded two parcels of Mr. Tripp's non-marital lands, lots 2 and 20, to Mrs. Tripp.

This court now decides that by persisting in awarding Mr. Tripp's non-marital land to Mrs. Tripp, the District Court, as was decided in the first appeal, continued to commit error "by failing to set apart to Mr. Tripp his non-marital property before making an equitable distribution of the marital property." This court further decides that the District Court's decision to treat the entire increase in the value of

3

Mr. Tripp's non-marital land as marital property must be overturned as unsupported by evidence in the record.

The District Court rationally could have found that Mr. Tripp failed to prove that the entire increase in the value of his non-marital land resulted from non-marital factors. However, there is no evidentiary basis in this record to support the District Court's conclusion that Mr. Tripp failed to prove that any part of that increase in value was the result of non-marital factors. For example, judicial notice of the effect of inflation on the value of land and money over a period of thirty years should be sufficient evidence that at least part of the increase in value of the non-marital land was not the result of marital effort.

Given these findings and conclusions, this court decides that lots 2, 9, 18, 20, 21, 21A, 22, and 27 remain Mr. Tripp's non-marital property which must be set aside to Mr. Tripp. *West v. West*, 550 A.2d 1132 (Me. 1998); 19-A M.R.S.A. § 953.

In his proposed order Mr. Tripp asks this court to make a specific apportionment and distribution of the marital property. That role is reserved for the trial court which heard the evidence and fashioned the division of marital property. The division ordered here must be accomplished in light of all property apportioned and distributed to the parties.

The original non-marital parcel must be set aside to defendant, and the trial court must decide what portion of the increase in value is non-marital, set that aside to the defendant and fairly and equitably apportion and distribute the remaining value of the marital estate.

4

For the reasons stated above, the clerk shall make the following entry as the order of this court:

> The amended judgment of the District Court is vacated. The case is remanded to the District Court for further proceedings consistent with this order.

DATED: March 31, 2000

Thomas E. Delahanty II
Justice, Superior Court