STATE OF MAINE         SUPERIOR COURT
KENNEBEC, ss.          CIVIL ACTION
                DOCKET NO. CV-22-147

STATE OF MAINE,     )
           )
  Plaintiff,      )
           )
  v.          )  **ORDER ON MOTION FOR**
           )  **JUDGMENT ON THE PLEADINGS**
CHRISTINE WITCHLEY,  )
           )
  Defendant.     )

Plaintiff State of Maine seeks judgment on the pleadings in this tax collection matter. For the following reasons, the State's motion is granted in part and denied in part.

## PROCEDURAL HISTORY

In August of 2022, the State filed a complaint against Defendant Christine J. Witchley pursuant to 36 M.R.S. § 174 for the collection of unpaid Maine income tax for the years 2013, 2015, 2017, 2018, and 2020, plus interest and penalties. Ms. Witchley thereafter filed a document labeled "Response," in which she contended that: (1) an October 2016 divorce decree allocated responsibility for payment of outstanding Maine income tax to her former husband; and (2) because the State of Maine had taken her federal income tax refund to pay the past marital debt, she had been unable to keep up with her new tax bills. She further asserted that she had paid her 2020 income tax in full.

On July 27, 2023, the State moved for judgment on the pleadings pursuant to M.R. Civ. P. 12(c). Attached to the motion were several exhibits, including an

1

affidavit from a tax examiner employed by Maine Revenue Services. Ms. Witchley timely objected to the motion. The court conducted oral argument on August 31, 2023.

## DISCUSSION

Maine Rule of Civil Procedure 12(c) permits "any party [to] move for judgment on the pleadings" after the pleadings are closed. When, as here, the plaintiff is the movant, the motion "'challenges the legal sufficiency of the answer.'" *Faith Temple v. DiPietro*, 2015 ME 166, ¶ 27, 130 A.3d 368 (quoting 2 Harvey, Maine Civil Practice § 12.14 at 432 (3d ed. 2015)). Therefore, "'[i]t can be effective only when the sole defense is an affirmative one, because any denials of fact by defendant will be taken as true for purposes of the motion and thus will have to be tried.'" *Id.* (quoting 2 Harvey, Maine Civil Practice § 12.14 at 432); *see also Cunningham v. Haza*, 538 A.2d 265, 267 (Me. 1988) ("Conflict between pleadings can be reached only by motion for summary judgment or trial."). The State contends that it is entitled to judgment on the pleadings because Ms. Witchley did not answer the individually numbered allegations in the Complaint, as required by M.R. Civ. P. 8(b), and that as a matter of law, Ms. Witchley and her former spouse would be jointly and severally liable for any jointly reported income tax.[1]

---

[1] The State also asks the court to consider the evidence it has provided in support of an argument that the assessments at issue are final and, by statute, cannot now be challenged. The court declines to consider the record evidence the State has provided at this stage of the proceedings. Rule 12(c) provides:

> If, on a motion for judgment on the pleadings, matters outside the
> pleadings are presented to and not excluded by the court, the motion shall be

2

"[A]n averment in a complaint that a defendant has failed to deny is generally deemed admitted." *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 15, 28 A.3d 1158, 1165; *see* M.R. Civ. P. 8(d). Here, Ms. Witchley asserted in her answer that she does not owe any unpaid income tax for 2020. Beyond that specific denial, she has failed to set forth admissions or denials of the factual averments set forth in the numbered paragraphs of the Complaint as required by M.R. Civ. P. 8(b) and 10(b). Although Ms. Witchley is representing herself in this matter, the Law Court has instructed trial courts that they cannot bend the rules or offer special consideration to unrepresented litigants. *Truman v. Browne*, 2001 ME 182, ¶ 11, 788 A.2d 168. Moreover, Ms. Witchley confirmed at oral argument that she intended to raise a legal rather than a factual defense to the State's allegations. As such, except for those allegations regarding the tax owed for 2020, the allegations in the Complaint are deemed admitted.

Turning to Ms. Witchley's legal defense, she asserts that she should not be held liable for all the assessed tax because a 2016 divorce judgment allocates

---

treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

M.R. Civ. P. 12(c); *see Westman v. Armitage*, 215 A.2d 919, 921 (Me. 1966) (holding that "when a . . . 12(c) motion is to be treated as a motion for summary judgment under Rule 56 the 'matters outside the pleadings' which must be presented to effectuate that conversion must be in such form as would satisfy the requirements of 56(c)"). Because Ms. Witchley has not been afforded the opportunity to respond as one would to a motion for summary judgment, the court will not consider matters outside the pleadings.

responsibility for payment of outstanding joint taxes to her former husband.[2] Even assuming that to be true, this defense is insufficient as a legal matter. *See Faith Temple*, 2015 ME 166, ¶ 27, 130 A.3d 368. By statute, where spouses file a joint return, their liability is "joint and several." 36 M.R.S. § 5221(1)(C). Although the court issuing the divorce judgment may "allocate responsibility for payment of debt between the spouses, it cannot affect the relationship between the creditor and the spouse or spouses." *Harriman v. Harriman*, 1998 ME 108, ¶ 9, 710 A.2d 923 (explaining that "[t]he debt of either or both spouses defines a relationship with third parties" and "[i]t is not an asset to be divided"). Thus, while the divorce judgment may provide Ms. Witchley with some relief as against her former husband, *see, e.g.*, *Collins v. Collins*, 2016 ME 51, ¶ 14, 136 A.3d 708, it does not shield her as a legal matter from the State's collection efforts. Thus, Ms. Witchley's asserted defense fails as a matter of law and the State is entitled to judgment on the pleadings regarding the assessments for 2013, 2015, 2017, and 2018. *See Faith Temple*, 2015 ME 166, ¶ 27, 130 A.3d 368.

The entry is:

The State's Motion for judgment on the pleadings is GRANTED for the assessments for 2013, 2015, 2017, and 2018. The motion is DENIED as to the 2020 assessment. This matter is to be set for a final hearing on the State's allegations regarding the 2020 assessment. The court will issue a final judgment at the conclusion of the hearing.

---

[2] By its terms, the asserted defense applies only to the 2013 and 2015 tax owed.

4

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED:  10/2/23

_____
Julia M. Lipez
Justice, Superior Court